SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Assistant United States Attorney
Chief, Civil Division

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6855
    Fax: (415) 436-6748
    Email: joann.swanson@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EOWYN, CTS. DE LA VEGA, | No. C 07-3619 EDL |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| BUREAU OF DIPLOMATIC SECURITY, SAN FRANCISCO FILED OFFICE, U.S. DEPARTMENT OF STATE | Date: August 28, 2007<br>Time: 9:00 a.m.<br>Ctrm: E, 15th Floor |
| Defendants. | |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that the federal defendant, appearing specially, will and hereby does move pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for dismissal of the case.[1] This motion will be heard at 9:00 a.m. on Tuesday, August 28, 2007 before the Honorable Elizabeth D. Laporte, United States Magistrate Judge, in Courtroom E on the 15th Floor of the U.S. Courthouse located at 450 Golden Gate Avenue, San Francisco, California.

This motion is made on the grounds that it should be dismissed with prejudice pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. Proc. on the ground that it is barred by the doctrine of

---

[1] Plaintiff has not complied with Rule 4(i)(2)(B), Fed. R. Civ. Proc., which sets forth how to serve a federal agency.

Mtn to Dismiss
C 07-3619 EDL             1

1  sovereign immunity and that it fails to state a coherent claim against a federal defendant. In light
2  of the nature of plaintiff's allegations, the federal defendant submits that permitting her to amend
3  her complaint will not clarify her claims and the factual basis on which they rest.
4       This motion is based on this Notice and Memoranda, the July 16, 2007 Declaration of
5  Joann Swanson in Support of Administrative Motion to Decide Whether Cases Should Be
6  Related ("Swanson Decl."), the Declaration of Jennifer Toole, and the pleading on file herein.

## II. STATEMENT OF RELIEF

8       The federal defendant requests an order under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ.
9  Proc. dismissing this action with prejudice. It does so on the grounds that plaintiff cannot
10 establish a waiver of sovereign immunity and the court therefore lacks subject matter
11 jurisdiction. Further, defendant submits that the complaint has not and cannot state a claim as
12 required by Rule 12(b)(6), Fed. R. Civ. Proc.

## III. ISSUES TO BE DECIDED

14      Whether plaintiff's suit against the federal defendant should be dismissed with prejudice
15 because there is no subject matter jurisdiction and because it fails to state a claim for relief.

## IV. STATEMENT OF FACTS

**A.  Plaintiff's Earlier Case against the Federal Government**

18      On November 16, 2006 plaintiff filed a complaint in California Superior Court (San
19 Francisco) Small Claims Division against the Department of Public Health and the Drug
20 Enforcement Administration (sic), which was removed to federal court. *See Eowyn, Cts. De la*
21 *Vega v. Department of Public Health, et al.*, C 07-0062 WHA. Plaintiff's complaint and
22 attached declaration were handwritten and contained many drawings, symbols and words that
23 could not be deciphered. On the small-claims form where she was to state why the defendants
24 owed her money, she alleged,

> DPH-SF CA, and DEA-SF CA have seriously violated [symbol] atomic
> COURTESY, SENSITIVITY, Advise and Consent against me, jactos.org. ie.
> sexual abuses HARM, INTIMIDATION.

27 *See* Swanson Decl., Attachment 1 (Notice of Removal, Exhibit A). In plaintiff's declaration she
28 stated, in part,

Mtn to Dismiss
C 07-3619 EDL        2

> *am* ... I am a registered (symbol) atomic scientist, jactos.org.since 1954. I m a replicator, creator: sevums extensive *ie*. also, creator: <u>serum minor2</u>/stem, replicate ℞ (symbol) HIV © EVBB, June 5, 2006. *I have lived continuously in Calif. since 1955*; my great-grandfather, Diego de la Vega, signed the Treaty of the California Republic, 9/09/1850...he died, 1956. I also resided in New York City 1975-1978 where my aunt, Greta Garbo & Gustafson (C-P, Stokholm) also lived. When my great-grandfather died, I inherited his adobe hacienda: 10 BATH ST. Nevertheless, despite my long residency in United States of America; and, my (atomic symbol) prodigy (R.Oppenheimer, A. Einstein were my mentors 1951-1954)... my atomic SENSITIVITY [boxed] is violated by process HARM-STUDIO-DISPLACE [all three words boxed] as known, my Social Security # has been plundered by these (2) entities, know: defendants. These violations of Sensitive [boxed] *Advise and Consent* consist of atomic PLUNDER [boxed], Known: my public health records, and birth certificate of my children; and, EO warrants 51, 5120: . . ."crimes against an atomic scientist"...punished by MAX PENALTIES ie. ILLEGAL SURVEILLANCE as also pertains to SS [circled] canna LICENSING, RECORDS which unlawful ACTIVITY (circled) has created THREAT [threat in a box] Pedators, Interlopers PRESENCE [presence in a box] due requirements for CLEARANCE-SENSITIVE are ignored by these (2) defendants, resultant =atomic BREAKAGE: my (symbol) jactos:focus, 500se.P52 DISPLAY, DISTURBED 2005 ( ) EXHIBIT issued , 2006. SS [circled] symbol - scientific specimen. jactos.org.1954 BCD SP (SP in a circle) KLEID

*Id.* Thereafter plaintiff sent counsel for the federal defendant a document dated January 6, 2007, alleging, in part, that she atomically sensitive and that she is related to various famous people. *Id.*, Attachment 2. She also mentioned the Bureau of Diplomatic Security, which is the putative defendant in the case now before the court. *See Id* at pages 2, 5, 9 and 14 of 15.

The putative federal defendant filed a motion to dismiss based on lack of subject matter jurisdiction under FRCP 12(b)(1) and for failure to state a claim under FRCP 12(b)(6). Plaintiff failed to appear at oral argument. *Id.* On February 22, 2007, the Court found that it lacked subject matter jurisdiction over plaintiff's allegations and dismissed the case under FRCP 12(b)(1). *Id.*, Attachment 3. The Court dismissed the case with prejudice because " . . . , the Court believes that no chance to amend need be given. Plaintiff's allegations make clear that none of her proffered theories will cure the jurisdictional defect." *Id.* at 3. Because the Court held that it lacked subject matter jurisdiction, it did not address the defendant's motion to dismiss the case for failure to state a claim under FRCP 12(b)(6).

**B.     Plaintiff's Allegations Against the Department of State.**

On June 4, 2007 plaintiff filed another complaint in the Small Claims Division of the San Francisco Superior Court. In this complaint she seeks $7,500.00 in damages from the

Mtn to Dismiss
C 07-3619 EDL                                              3

Bureau of Diplomatic Security, San Francisco Field Office, U.S. State Department. Plaintiff alleges that defendant "is responsible for grave bodily, emotional harm caused to me, by its failures to remedy (sp) Borden." *See* July 13, 2007 Notice of Removal, Exhibit B at 2.. On plaintiff's Case Management Statement, she describes the case as follows:

> violations of THE TREATY 9/9/1850 CALIF. REPUB. signed: Diego de la Vega, known: ZORRO. have occurred PORTION to a BREAK.foam. JACTOS.(placebo) EXHIBIT monies issued 3/12/06 cost-co, SF CA. HAG 'the people lake' @ Arlington Residence 480 Ellis Street #254, SF CA...a REAL+ legacy of ZORRO: I am his heir: This bldg in processes of change in mgmt. The State of CALIF must remedy a BREAK, et al IMMED"

*Id.* Exhibit A at 5. Plaintiff also delivered to defendant handwritten statements that are largely incomprehensible and are annotated with a variety of drawings and symbols. As in the earlier case plaintiff alleges that she is a scientist (or "atomic scientist") and is related to a variety of historical figures. She again references persons or entities such as "jactos", "Kleid", "placebo", Einstein, and Robert Oppenheimer. *Id.* at 10 - 24.

## V. <u>THE CASE SHOULD BE DISMISSED WITH PREJUDICE</u>.

### A. The Case Should Be Dismissed under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id.* at 1039 n.2. *See also Tosco Corp. v. Community for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) ("When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.")

The United States and its agencies are immune from suit except to the extent that it consents to be sued. *United States v. Mitchell* , 445 U.S. 535, 538 (1980). Plaintiff has not alleged any waiver of sovereign immunity. Plaintiff has not alleged acts by or claims against a federal agency. Indeed, to the extent that one can understand plaintiff's filings, her concern seems to be about the building in which she lives, *see* Notice of Removal, Exh. A at 5, which would have nothing to do with the federal government. Regardless, even if one were to construe

the complaint as seeking to allege a tort by the Department of State, which it does not, plaintiff would have had to comply with the requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 2470-80. ("FTCA"), which she has not done. *See* Declaration of Jennifer Toole.

Moreover, in light of the rambling, incoherent nature of the complaint, defendant submits that there is no manner in which she could clarify her allegations such that she could establish subject matter jurisdiction.

**B.  Plaintiff Cannot State a Claim and Case Should Be Dismissed with Prejudice under Rule 12(b)(6).**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — S. Ct. —, 2007 WL 1461066 (U.S. May 21, 2007) (rejecting literal interpretation of statement in *Conley v. Gibson*, 355 U.S. 41 (1957), that complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, while the material factual allegations are taken as true and construed in the light most favorable to the non-movant, allegations that are conclusory, vague or speculative are insufficient to survive a motion to dismiss. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Stack v. Lobo*, 903 F. Supp. 1361, 1369 (N.D. Cal. 1995).

In considering a motion to dismiss, the court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). Indeed, under Rule 12(b)(6), "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996); *see Brown v. City of Oneonta*, 235 F.3d 769, 780 (2d Cir. 2000) (Kearse, C.J., dissenting) (arguing that under

Rule 12(b)(6) facts must be taken as true "unless they are fanciful or delusionary, or . . . they represent only legal conclusions."); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (noting that a court need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"); *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (noting that a complaint must state "more than the bare assertion of legal conclusions"); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (noting that a pleading does not adequately state a claim "if the allegations are mere conclusions"). Moreover, according to *Neitzke v. Williams*, 490 U.S. 319 (1989), a court may dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. section 1915(d) when the claim is "fantastic or delusional..." 490 U.S. at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733 (1992) (where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous).

Plaintiff's complaint and other pleadings are clearly fantastic or delusional. In light of plaintiff's repeated symbols, incoherent and rambling statements both in the complaint and in the other documents she delivered to defendant, it is highly unlikely that permitting her to amend her complaint will clarify her claims and the factual basis on which they rest. Accordingly, defendant requests that the dismissal be with prejudice.

## VI. CONCLUSION

The complaint has not and cannot allege a waiver of sovereign immunity and should be dismissed pursuant to Rule 12(b)(1). Moreover, the action should be dismissed with prejudice on the grounds that the complaint fails to state a coherent claim as required by Rule 12(b)(6) and that given the nature of plaintiff's allegations, allowing her to amend her complaint will not clarify her claims and the factual basis on which they rest.

Dated: July 16, 2007

SCOTT N. SCHOOLS
United States Attorney

By: _____
Joann M. Swanson
Assistant United States Attorney

# CERTIFICATE OF SERVICE

### De La Vega v. Bureau of Diplomatic Security, et al.
### C 07-3619 EDL

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**NOTICE OF MOTION AND MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__   FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   PERSONAL SERVICE (BY MESSENGER)

____   FEDERAL EXPRESS via Priority Overnight

____   EMAIL

____   FACSIMILE (FAX)

to the party(ies) addressed as follows:

Eowyn v.b.b. Cts. De La Vega, Pro Se
480 Ellis Street, #258
San Francisco, CA 94102
PH: 415.202.4800

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __7/17/07__ at San Francisco, California.

KATHY TAT
Legal Assistant

Mtn to Dismiss
C 07-3619 EDL                    7