**United States District Court**
For the Northern District of California

1
2
3
4
5
6         IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   EOWYN, CTS, DE LA VEGA,                    No. C 07-03619 WHA

11              Plaintiff,

12     v.                                        **ORDER GRANTING
                                                DEFENDANT'S MOTION TO**
13   BUREAU OF DIPLOMATIC SECURITY,             **DISMISS**
     SAN FRANCISCO FIELD OFFICE, U.S.
14   DEPARTMENT OF STATE

15              Defendant.
                                          /
16   ———————————————————————

17         Pro se plaintiff Eowyn, Cts. de la Vega seeks damages from the Bureau of Diplomatic

18   Security, San Francisco Field Office, U.S. State Department ("BDS"), alleging that defendant

19   "is responsible for grave bodily, emotional harm caused to me, by its failures to remedy (sp)

20   Borden" (Notice of Rem. Exh. B at 2).  This order **DISMISSES** this case on grounds of lack of

21   subject matter jurisdiction and the failure to state a claim upon which relief can be granted.

22         Plaintiff filed the complaint in the Small Claims Division of the San Francisco Superior

23   Court on June 4, 2007.  When asked to provide a description of the case, plaintiff wrote:

24   "violations of THE TREATY 9/9/1850 CALIF. REPUB. Signed: Diego de la Vega, known:

25   ZORRO, have occurred PORTION to a BREAK.foam.JACTOS.(placebo) EXHIBIT monies

26   issued 3/12/06 cost-co, SF CA.  HAG 'the people lake' @ Arlington Residence 480 Ellis Street

27   #254, SF CA ... a REAL + legacy of ZORRO: I am his heir: This bldg in processes of change in

28   mgmt. The State of CALIF must remedy a BREAK, et al IMMED" (*id.* Exh. A at 5).  Plaintiff

**United States District Court**

For the Northern District of California

1   also delivered to defendant incomprehensible handwritten statements with drawings and symbols

2   (*id.* at 10–24).  Aside from a four-page handwritten "letter regarding numerous issues from

3   Eowyn Cts. De la Vega" filed on July 27, 2007, which was equally perplexing and incoherent,

4   plaintiff has not produced any other supporting documents.

5         Despite an allegation of improper service under Federal Rule of Civil Procedure

6   4(i)(2)(B), the BDS removed the case on July 13, 2007.  On July 17, 2007, the BDS moved for

7   dismissal with prejudice based on lack of subject-matter jurisdiction under FRCP 12(b)(1) and

8   for failure to state a claim under FRCP 12(b)(6).  On July 24, 2007, the case was related to an

9   earlier case plaintiff had against the federal government, which the Court had already dismissed

10  with prejudice for lack of subject matter jurisdiction.

11        Pursuant to FRCP 12(b)(1), dismissal is appropriate when the Court lacks subject-matter

12  jurisdiction.  The Court is presumed to lack subject-matter jurisdiction unless the contrary is

13  affirmatively demonstrated.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

14  (1994).  Read in plaintiff's favor, the complaint appears to allege various tort claims against the

15  BDS.  "Federal agencies cannot be sued *eo nomine* unless so authorized by Congress in explicit

16  language."  *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998)

17  (internal quotations omitted).  Tort claims against the United States only arise under the Federal

18  Torts Claims Act, which provides a statutory waiver of sovereign immunity.  28 U.S.C. 1346(b).

19  Federal agencies are not proper defendants under the FTCA; actions should be filed against the

20  United States.  28 U.S.C. 1346(b), 2679(a).  Although the judicial policy of treating pro se

21  litigants leniently suggests allowing leave to amend, even the substitution of the United States as

22  a defendant, would not cure the jurisdictional defects.

23        Section 2675(a) of the FTCA mandates that a claimant file a claim with the appropriate

24  agency before a claimant may file a civil action.  In response to a small-claims form question

25  inquiring if plaintiff asked the defendants to pay her before filing suit, she checked the box

26  indicating "yes" and wrote "I HAVE BEEN IN-LENGTHY REVIEW [circled] @ Bureau

27  Diplomatic Security AS REGARDS.CLOAK.ADOPT.JACTOS. KLEID" (Notice of Rem. Exh.

28

2

1   B at 3).  Plaintiff then checked the "no" box indicating that she was not suing a public entity, and

2   she wrote "KLEID" next to the "no" box (*id.*).  Failure to exhaust administrative remedies prior

3   to filing a civil action results in a lack of subject-matter jurisdiction by the district court.  *See*

4   *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991).  Since plaintiff

5   does not allege filing a written claim with the BDS, a public entity, she apparently has not met

6   the exhaustion requirement.  Because plaintiff has failed to exhaust her administrative claims,

7   the Court lacks subject-matter jurisdiction.

8       Even if plaintiff had exhausted her administrative claims, dismissal would still be proper

9   if plaintiff failed to state a claim under Rule 12(b)(6).  A dismissal is appropriate where there is

10  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

11  cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

12  In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most

13  favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine

14  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v.*

15  *Liberty Mut. Ions. Co.*, 80 F.3d 3346, 337–38 (9th Cir. 1996).  Here, plaintiff's complaint is

16  completely incomprehensible.  Even when construed in the light most favorable to the plaintiff,

17  the fragmented sentences, symbols, and drawings do not come close to a cognizable legal theory

18  nor do they represent facts alleged under a cognizable legal theory.  Accordingly, the Court finds

19  that plaintiff has failed to state a claim upon which relief can be granted.

**CONCLUSION**

21      Because she is pro se, plaintiff must be given a chance to amend unless no type or degree

22  of amendment would save her complaint.  Here, the Court believes that no chance to amend need

20
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

3

1    be given.  Plaintiff's allegations make clear that none of her proffered theories will cure the

2    jurisdictional defect.  For that reason, the Court **GRANTS** defendant's motion to **DISMISS**

3    **WITHOUT LEAVE TO AMEND**.  The Clerk shall close the file.

4

5            **IT IS SO ORDERED.**

6

7    Dated:  October 1, 2007.

8                                                                 WILLIAM ALSUP
                                                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4